# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY CLARK, JR.** | § | |
| | § | |
| v. | § | NO. 4:24-CV-00341-SDJ-BD |
| | § | |
| **RACETRAC, INC.** | § | |

## MEMORANDUM OPINION AND ORDER

In this personal-injury case, defendant RaceTrac, Inc., moved to strike the testimony of plaintiff Mark Anthony Clark, Jr.'s designated expert, Thomas Garzillo, D.C. Dkt. 17. Clark did not respond, so the court "presum[es] that [he] does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Loc. R. CV-7(d).

## LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It was amended a couple of years ago to provide:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The 2023 advisory committee note explains that the amendment was meant to (1) "clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule" and (2) "emphasize that each expert opinion must stay within

the bounds of what can be concluded from a reliable application of the expert's basis and methodology."

In *Daubert v. Merrell Dow Pharmaceuticals*, the Supreme Court instructed courts to serve as gatekeepers when applying Rule 702 to determine whether expert testimony should be presented to the jury. 509 U.S. 579, 589–95 (1993). Courts must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). That "gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

Under the *Daubert* test, which examines the underlying theory on which an expert opinion is based, "[t]he proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The court's inquiry is flexible, in that "[t]he relevance and reliability of expert testimony turns upon its nature and the purpose for which its proponent offers it." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

The Fifth Circuit explained several decades ago that, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [factfinder's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). And although the 2023 advisory committee note to Rule 702 criticized unspecified judicial decisions concluding that "critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility," it also acknowledged that "[s]ome challenges to expert testimony will raise matters of weight rather than admissibility even under the [Federal] Rule 104(a) standard," which is less permissive than Rule 104(b). *Compare* Fed. R. Evid. 104(a) (providing that "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible") *with id.* R. 104(b) (providing that "[w]hen the relevance of evidence depends on

whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist" and that "[t]he court may admit the proposed evidence on the condition that the proof be introduced later"). In other words, "once the court has found it more likely than not that the admissibility requirement has been met, any attack by the opponent will go only to the weight of the evidence." Fed. R. Evid. 702, advisory cmte. n. to 2023 amendment.

It remains the case that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (explaining that, "[a]lthough the *Daubert* analysis is applied to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, the test does *not* judge the expert conclusions themselves"). Although "the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, 'the rejection of expert testimony is the exception rather than the rule.'" *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019) (quoting Fed. R. Evid. 702 advisory cmte. n. to 2000 amendment).

## DISCUSSION

RaceTrac argues that Garzillo's opinion about Clark's future medical expenses is unreliable because Garzillo never examined Clark or even spoke with him or his medical providers before forming that opinion. RaceTrac further argues that Garzillo's report offers such a wide range of predicted future medical needs that they cannot all be reasonably probable outcomes.

Clark did not respond to RaceTrac's motion. As the proponent of Garzillo's testimony, Clark bears the burden of proving by a preponderance of the evidence that the proffered testimony is reliable. *Moore*, 151 F.3d at 276. He did not meet that burden.

## CONCLUSION

It is **ORDERED** that the motion to strike or exclude Garzillo's testimony, Dkt. 17, is **GRANTED**.

3

So **ORDERED** and **SIGNED** this 23rd day of June, 2025.

_____
Bill Davis
United States Magistrate Judge